UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 2 2 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Saundra Taylor, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>District of Columbia, )<br>)<br>Defendant. )<br>_____ ) | Case: 1:15-cv-00953  Jury Demand<br>Assigned To : Unassigned<br>Assign. Date : 6/22/2015<br>Description: Pro Se Gen. Civil  (F Deck) |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Fort Washington, Maryland, sues the District of Columbia for Negligent Spoliation of Evidence, Compl. at 11, and Intentional Infliction of Emotional Distress, *id.* at 15. In her jurisdictional statement, plaintiff invokes the Court's diversity jurisdiction, Compl. ¶ 4, but the District of Columbia "like the fifty states, is not subject to diversity jurisdiction." *Long v. District of Columbia*, 820 F. 2d 409, 414 (D.C. Cir. 1987). Plaintiff also

purports to sue under 42 U.S.C. § 1983, Compl. ¶ 1, but that statute authorizes a lawsuit against a "person" who violates one's constitutional rights while acting "under color" of State or District of Columbia law. 42 U.S.C. § 1983. The complaint does not name an individual and, thus, provides no basis for exercising jurisdiction under the federal question provision. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A separate order of dismissal accompanies this Memorandum Opinion.\

                                             /s/ Colleen Kollar-Kotelly
                                         United States District Judge

DATE: June 18, 2015